■ Miriam Kotler et al., Appellants, v Steven Swersky, Respondent, et al., Defendants. [781 NYS2d 56]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated January 27, 2003, as granted those branches of the motion of the defendant Steven Swersky which were for summary judgment dismissing the first and third causes of action to recover damages for medical malpractice and loss of services, respectively.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the first and third causes of action to recover damages for medical malpractice and loss of services, respectively, are denied, and those causes of action are reinstated.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against the defendant Dr. Steven Swersky. The plaintiffs alleged, inter alia, that Swersky negligently failed to diagnose and manage the plaintiff Miriam Kotler's obstetric cholestasis, a pregnancy-related liver disorder, and that such negligence was a proximate cause of a stillbirth and other damages. The Supreme Court granted Swersky's motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiffs appeal from so much of the order as granted those branches of the motion which were for summary judgment dismissing the first and third causes of action to recover damages for medical malpractice and loss of services, respectively. We reverse the order insofar as appealed from.

Subsequent to the Supreme Court's determination, the Court of Appeals decided *Broadnax v Gonzalez* (2 NY3d 148 [2004]). In *Broadnax*, the Court of Appeals reversed a long-standing precedent in New York that did not recognize a cause of action in favor of a mother for emotional harm suffered as the result of a miscarriage or a stillbirth proximately caused by medical malpractice absent a showing of independent physical injury to the mother both distinct from that suffered by the fetus and not otherwise a normal incident of childbirth (*see Tebbutt v Virostek*, 65 NY2d 931 [1985]). The Court of Appeals in *Broadnax* changed the law to provide that medical malpractice which is a

proximate cause of a miscarriage or stillbirth breaches a duty owed to the mother, entitling her to damages for emotional distress (see Broadnax v Gonzalez, supra at 155; see also Sheppard-Mobley v King, 8 AD3d 358 [2004]). Thus, here, the absence of independent physical injury to the plaintiff Miriam Kotler, even if demonstrated, would not compel dismissal of the cause of action to recover damages for medical malpractice.

In support of his motion, Swersky did not demonstrate a prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' causes of action to recover damages for medical malpractice and loss of services. Rather, Swersky proffered, in effect, only conclusory assertions that he did not depart from good and accepted medical practice and that the plaintiff Miriam Kotler did not suffer any compensable injuries (see Couch v County of Suffolk, 296 AD2d 194 [2002]; Brosnan v Shafron, 278 AD2d 442 [2000]). Thus, even under the law as it applied prior to Broadnax, those branches of Swersky's motion which were for summary judgment dismissing the plaintiffs' causes of action to recover damages for medical malpractice and loss of services should have been denied regardless of the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Williams v Howe, 297 AD2d 671 [2002]). Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.