*226 OPINION OF THE COURT
Orín R. Kitzes, J.
Motion for an order permitting plaintiff to amend the complaint by adding Ann Ashmeade as an individual plaintiff and adding a cause of action for Ann Ashmeade based upon the emotional distress she sustained as a result of the birth of her son on August 8, 1996, in an impaired state due to the negligence and malpractice of the defendants, is granted for the following reasons:
The instant action stems from the care of Ann Ashmeade during the delivery and birth of plaintiff at the Queens Hospital Center on August 8, 1996. The plaintiff was born with various impairments including brain damage and cerebral palsy. The instant action was commenced on March 15, 2000 claiming defendant’s medical malpractice caused these injuries. The complaint had one cause of action seeking recovery for the pain and suffering of the infant plaintiff and the other based upon a lack of informed consent. On April 1, 2004, the Court of Appeals decided the case of Broadnax v Gonzalez (2 NY3d 148, 155 [2004]), holding that “even in the absence of an independent injury, medical malpractice resulting in miscarriage or stillbirth should be construed as a violation of a duty of care to the expectant mother, entitling her to damages for emotional distress.” On June 7, 2004, the Supreme Court, Appelláte Division, Second Department, decided the case of Sheppard-Mobley v King (10 AD3d 70 [2004]), holding that even in the absence of physical injury, medical malpractice resulting in the birth of a severely impaired child is a violation of the duty of care owed to the mother, entitling her to damages for emotional harm. Plaintiff now seeks to add a cause of action based upon these two cases and add Ann Ashmeade, the expectant mother, as a party. Defendant opposes this motion.
It is well settled that leave to amend pleadings is freely given “absent prejudice or surprise resulting directly from the delay.” (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983].) Plaintiff claims that since the amended cause of action is newly created, she could not have brought this action earlier and granting permission to amend is appropriate. Plaintiff also claims that the new cause of action has merit and is sufficient as a matter of law. Defendant opposes this motion, claiming the cause of action is time-barred by the statute of limitations and the holdings in Broadnax and Sheppard-Mobley should not be applied retroactively, a condi *227 tion precedent to the commencement of this action has not been met, and there is no merit to the proposed cause of action.
Initially, the causes of actions are not barred since the rule allowing relation back to the date of service or filing of the original complaint under CPLR 203 (b) or (c) is applicable. Here, all claims arose out of the same conduct, transaction or occurrence and as such, the statute of limitations does not bar the instant cause of action. Moreover, since plaintiffs new cause of action was only recently created, serving a timely notice of claim would have been impossible. As such, it would be a disingenuous tautology to find that plaintiff cannot proceed with this new cause of action due to failure to serve a notice, when plaintiff had no reason to believe such action existed until after the time to file a notice had expired. Moreover, plaintiff sought leave to amend the complaint in a timely manner after the change in law and the court deems the instant motion to be a sufficient notice of claim. The court also finds that plaintiffs proposed amended complaint sufficiently sets forth a meritorious cause of action.
The court shall now turn to the principal issue on this motion, which is whether the holdings in Broadnax and SheppardMobley should be applied retroactively. Policies inherent in the common law require that “a change in decisional law usually will be applied retrospectively to all cases still in the normal litigating process.” (Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 191 [1982]; see, Gager v White, 53 NY2d 475 [1981].) However, when this change is such a sharp break in the existing law that its “impact will wreak more havoc in society than society’s interest in stability will tolerate” a court may order the new law to be prospective only. (Gurnee v Aetna Life & Cas. Co., supra [internal quotation marks omitted].) In determining whether a new law shall be prospective only, three factors are to be considered. (Id.) First, does the new law establish a new principle of law by overruling clear, past precedent that was relied upon by litigants. Second, what is the history of the rule at issue and the impact of retroactive application upon its purpose and effect. Three, do any inequities arise by retroactive application. (Id.)
As related to the instant new law regarding factor one, it is clear that Broadnax and Sheppard-Mobley overturned a longstanding and clear precedent in New York that prohibited a cause of action in favor of a mother for emotional harm suffered as the result of the birth of a severely impaired child proximately *228 caused by medical malpractice absent injury to the mother separate from the child. (See, Kotler v Swersky, 10 AD3d 350 [2d Dept 2004].) This precedent was obviously relied upon by all litigants involved in medical malpractice actions. Regarding factor two, the decisions in Broadnax and Sheppard-Mobley make it clear that their purpose was to extend the duty of care medical professionals owe to the expectant mother, as a patient, whose health is linked to the fetus. The Court in Broadnax noted that it could no longer defend prior case law that reflected a reluctance to recognize causes of action for negligent infliction of emotional distress, especially in cases where the plaintiff suffered no independent physical or economic injury. The policy of not recognizing such actions is no longer viable and the new rule reflects the current recognition of actions for emotional distress without physical injury and the commendable purpose of expanding the duty of care to expectant mothers regardless of their relationship to the “zone of danger.” Such purpose would be advanced by retroactive application since there was no jurisprudential justification for the old policy, which failed to fully protect the expectant mother’s emotional condition and understand the extent her well-being depended upon the health of the child. By extending the full protection afforded under Broadnax and Sheppard-Mobley to more litigants, the court will further this beneficial policy and end vestiges of a legal historical anomaly. Finally, regarding the third factor, retroactive application would not create inequities to the medical profession. As noted by the Broadnax majority, there was not a display by the profession of concern regarding adding liability with this new cause of action. Given the general willingness of the medical profession to express an opinion on legal matters that impact upon it, such lack of concern indicates no inequity will burden the profession if the holdings in Broadnax and Sheppard-Mobley are applied retroactively.
When all of the applicable criteria are considered it is clear that retroactive application of Broadnax and Sheppard-Mobley is appropriate. In sum, these cases established new principles of law with purposes that would be advanced by retroactive application and the balancing of equities dictates that the injured parties should not bear the burden of forgoing part of their recovery to which the new law gives them. As such, retroactive application will not wreak havoc upon society’s stability. Accordingly, the motion to amend the complaint is granted.