■ John Yaegel et al., Appellants, v Joseph Ciuffo, M.D., Respondents, et al., Defendants. [944 NYS2d 601]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 30, 2011, as granted those branches of the separate motions of the defendants Joseph Ciuffo and Sidney Rosman which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of those defendants, and (2) so much of a judgment of the same court entered July 6, 2011, as, upon the order, is in favor of those defendants and against them dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the separate motions of the defendants Joseph Ciuffo and Sidney Rosman which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of them are denied, those causes of action are reinstated, and the order dated March 30, 2011, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In 1994, the injured plaintiff, John Yaegel, went to his primary care physician, the defendant Joseph Ciuffo, with complaints of blood in his stool. Ciuffo referred the injured plaintiff to a gastroenterologist, the defendant Sidney Rosman. In April 1994, Rosman diagnosed the plaintiff with Crohn's disease and prescribed Asacol. Over the next several years, the injured plaintiff was treated by both Ciuffo and Rosman, and except for a period from 1997 or 1998 to 2000, the injured plaintiff continued, with the knowledge of both physicians, to take Asacol as prescribed by Rosman.

The injured plaintiff alleged that after several years of Asacol use, he complained to Ciuffo during a December 22, 2005, appointment, and to Rosman during a January 4, 2006, appointment, of various symptoms consistent with renal problems. In January 2006 the injured plaintiff was rushed to a hospital, where physicians diagnosed him with interstitial nephritis, a kidney disease that the injured plaintiff asserts was caused by the use of Asacol.

The injured plaintiff, with his wife suing derivatively, commenced this action against, among others, Ciuffo and Rosman, alleging, among other things, that they failed to conduct appropriate periodic blood tests to monitor for possible kidney damage while he was taking Asacol. The plaintiffs also alleged that Ciuffo, who had knowledge that Rosman had prescribed Asacol to the plaintiff, deviated from accepted medical standards by failing to order a renal chem panel on December 22, 2005, on which date the injured plaintiff had presented to him with symptoms consistent with renal problems. The plaintiffs

further alleged that Rosman deviated from accepted medical standards by, inter alia, failing to order blood tests over the approximately two years prior to the onset of the interstitial nephritis and in failing to order the necessary tests on January 4, 2006, when the injured plaintiff presented to him with symptoms consistent with renal problems.

Ciuffo and Rosman separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions and entered a judgment dismissing the complaint insofar as asserted against Ciuffo and Rosman.

" 'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury' " (*Faicco v Golub*, 91 AD3d 817, 818 [2012], quoting *Roca v Perel*, 51 AD3d 757, 758 [2008]). Thus, on a motion for summary judgment dismissing a cause of action to recover damages for medical malpractice, "the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Barnett v Fashakin*, 85 AD3d 832, 834 [2011]; *see Faicco v Golub*, 91 AD3d at 818; *Roca v Perel*, 51 AD3d at 758-759).

Here, Ciuffo failed to establish as a matter of law that his failure to order a renal chem panel on December 22, 2005, did not deviate from the accepted standards of care, and also failed to support his expert's conclusory assertions that no act or omission on his part was a proximate cause of the injured plaintiff's injuries. In essence, Ciuffo's expert "merely recounted the plaintiff's complaints to [the defendant] and the treatment rendered, and opined in a conclusory manner that such treatment did not depart from good and accepted medical practice" (*Couch v County of Suffolk*, 296 AD2d 194, 198 [2002]). The proffered expert's opinion was, therefore, purely conclusory and was insufficient to establish Ciuffo's prima facie entitlement to judgment as a matter of law (*see Kotler v Swersky*, 10 AD3d 350, 352 [2004]; *Couch v County of Suffolk*, 296 AD2d at 198). In light of Ciuffo's failure to meet his initial burden of establishing his entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposition papers on this issue (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Rosman failed to establish, prima facie, that he did not deviate from good and accepted medical practice in failing to order

periodic blood tests during the time that he prescribed Asacol to the injured plaintiff, as his expert proffered only a conclusory opinion that Rosman's monitoring of blood levels was within the bounds of accepted medical practice (*see Kotler v Swersky*, 10 AD3d at 352; *see also Ayotte v Gervasio*, 81 NY2d 1062 [1993]). However, his expert's affirmation did make a prima facie showing that his alleged failure to order periodic blood tests in 2005 was not the proximate cause of the injured plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Roca v Perel*, 51 AD3d at 759). In opposition, however, the plaintiffs' expert raised a triable issue of fact as to whether Rosman's failure to order blood tests in 2005 and on January 4, 2006, was a proximate cause of the injured plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Wexelbaum v Jean*, 80 AD3d 756, 758 [2011]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]).

Accordingly, the Supreme Court should have denied those branches of the separate motions of Ciuffo and Rosman which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of them. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.