■ DAN BARLEV, Respondent, v BETHPAGE PHYSICAL THERAPY ASSOCIATES, P.C., Appellant. [995 NYS2d 514]—

In an action to recover damages for medical malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (J. Golia, J.), entered September 6, 2013, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a medical malpractice action, a defendant moving for summary judgment has the burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice, or that any departure was not a proximate cause of the plaintiff's injuries (see *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1044 [2010]). Here, the defendant, on its motion, failed to establish, prima facie, that it did not depart from good and accepted standards of medical care, and also failed to address the issue of causation. Instead, the defendant's expert merely recounted the treatment rendered and opined in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice (see *Yaegel v Ciuffo*, 95 AD3d 1110 [2012]; *Couch v County of Suffolk*, 296 AD2d 194 [2002]). In light of this determination, it is unnecessary to review the sufficiency of the plaintiff's opposition (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *LaVecchia v Bilello*, 76 AD3d 548 [2010]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.