■ DESTINY H., an Infant, by Her Mother and Natural
Guardian, CARMEN J., et al., Respondents, v BRONX LEBANON
HOSPITAL, Defendant, and RICHARD DEVEAUX, M.D., et al., Ap-
pellants, et al., Defendants. [27 NYS3d 552]—

Order, Supreme Court, Bronx County (Stanley Green, J.),
entered April 13, 2005, which denied defendants Richard
Deveaux and Monica Simons's motion for summary judgment
dismissing the complaint as against them, unanimously af-
firmed, without costs.

Plaintiffs raised triable issues of fact in opposition to defend-
ants' prima facie showing, via expert opinion, that they did not
depart from good and accepted medical practice in allowing
plaintiff mother to continue her pregnancy to term and induc-
ing delivery in the 41st week and that there was no causal con-
nection between any alleged departure and the infant plaintiff's
condition. Plaintiffs' expert in obstetrics and gynecology opined
that defendant Deveaux departed from the standard of medical
care by failing to have a C-section performed after the mother
developed gestational hypertension in the 37th week of her
pregnancy, and both defendants departed from the standard of
medical care by attempting an induction and failing to perform
a C-section on February 13, when Carmen was a week beyond
her due date and had high blood pressure, and when fetal trac-
ings were non-reassuring, and that these departures caused
the infant to suffer hypoxia in utero. Plaintiffs' expert opined
that an infant's Apgar scores are not determinative of the
absence of injury, that the infant's medical records showed that
within two days after her birth, she displayed seizure activity,
and that brain imaging studies revealed early signs of edema,
changes consistent with hypoxic-ischemic encephalopathy
(HIE) and atrophy, an expected change due to HIE. Plaintiffs
also submitted reports by a neuroradiologist, whose findings
differed from those of defendants' expert concerning the imag-
ing studies, and a pediatric expert, who opined that the infant
plaintiff suffered an insult to the brain during labor and
delivery on February 13. Contrary to defendants' contention,
plaintiffs' experts' opinions are supported by the record.

Plaintiffs did not assert a new theory of liability against
Deveaux in their opposition papers. Plaintiffs' expert asserted
only that the departures from good and accepted medical

practice may have occurred as far back as the mother's 37th week of pregnancy, when she started showing signs of gestational hypertension, and while she was already under Deveaux's care. Although the initial bill of particulars stated the dates of Deveaux's alleged malpractice incorrectly, the supplemental bill made clear that the allegations related to his treatment of the mother before delivery; the expert disclosure also clarified the dates in issue. Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.