OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, defendant David A. Silverman, M.D.’s motion for summary judgment denied, and the certified question answered in the negative.
In this medical malpractice action, plaintiff alleged that defendant’s negligent administration of Lipitor and his negligent administration of the combination of Lipitor and azithromycin caused him to have a cardiac arrhythmia, which progressed to third-degree atrioventricular (AV) heart block necessitating the placement of a permanent pacemaker. Specifically, in his bill of particulars, plaintiff alleged in part that Dr. Silverman committed medical malpractice: “in negligently prescribing Lip-itor,” “in negligently prescribing Azithromycin,” and “in negligently failing to consider the possible adverse drug interactions in a patient on both Lipitor and Azithromycin.” Accordingly, as set forth in that bill of particulars, plaintiff alleged his AV heart block resulted from the negligent administration of the combination of Lipitor and azithromycin, and that taking both drugs concurrently proximately caused plaintiff’s injuries. Plaintiff did not, as suggested by the dissent, exclusively claim “in his bill of particulars that defendant *1062 ‘exacerbated [p]laintiff s adverse reaction to Lipitor by prescribing . . . Azithromycin.’ ”
Defendant moved for summary judgment solely on the issue of proximate cause and submitted a medical expert affidavit in support of his motion.* While defendant’s expert characterized plaintiff’s allegations of malpractice as “center [ed] around an alleged contraindicated prescription by Dr. Silverman to plaintiff of Lipitor separately and/or in conjunction with Azi-thromycin,” it was clear from plaintiff’s bill of particulars— despite defendant’s somewhat confusing use of “and/or”—that the combination of both drugs established one basis for the claimed negligence. However, defendant’s expert failed to address the effect of azithromycin administration alone or in conjunction with Lipitor. To the contrary, defendant’s expert affidavit addressed azithromycin only in conclusory statements unsupported by any reference to medical research.
In opposition, plaintiff and his experts asserted, inter alia, that defendant’s expert’s affidavit did not adequately address the concurrent azithromycin prescription and did not cite to any medical research in support of his conclusions about the combined effect. Accordingly, plaintiff argued, defendant failed as a matter of law to eliminate all triable issues of fact regarding whether the combined effect of the drugs could have proximately caused plaintiff’s eventual heart block.
It is well settled that “the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Failure to make such prima facie “showing requires denial of the motion, regardless of the sufficiency of the opposing papers” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Establishing entitlement to summary judgment as a matter of law requires the defendant to “rebut[ ] with factual proof plaintiff’s claim of malpractice” (Alvarez, 68 NY2d at 325). “[B]are conclusory assertions . . . with no factual relationship to the alleged injury” are insufficient to “establish that the cause of action has no merit so as to entitle defendantf ] to summary judgment” (Winegrad, 64 NY2d at 853).
*1063 Here, defendant’s expert proffered only conclusory assertions unsupported by any medical research that defendant’s actions in prescribing both drugs concurrently did not proximately cause plaintiff’s AV heart block. These conclusory statements did not adequately address plaintiff’s allegations that the concurrent Lipitor and azithromycin prescriptions caused plaintiff’s injuries. By ignoring the possible effect of the azi-thromycin prescription, defendant’s expert failed to “tender [ ] sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez, 68 NY2d at 324) as to proximate causation and, as a result, defendant was not entitled to summary judgment. Because defendant failed to meet his prima facie burden, it is unnecessary to review the sufficiency of the plaintiff’s opposition papers (Winegrad, 64 NY2d at 853).

 The issue of the proper medical malpractice summary judgment standard discussed in the concurrence is not before this Court, it was not briefed by the parties, and we do not address it.