Wei Lin v Sang Kim (2019 NY Slip Op 00161)





Wei Lin v Sang Kim


2019 NY Slip Op 00161


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-08343
 (Index No. 13027/13)

[*1]Wei Lin, et al., respondents, 
v
Sang Kim, etc., appellant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, David Richman, Jeannine M. Farino, and Stuart Bodoff of counsel), for appellant.
Ceasar & Napoli, P.C. (Robert Stein and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered July 20, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In a medical malpractice action, a defendant moving for summary judgment has the burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice, or that any departure was not a proximate cause of the plaintiff's injuries (see Kelly v Rosca, 164 AD3d 888, 891; Barley v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1044). The burden is not met if the defendant's expert renders an opinion that is conclusory in nature or unsupported by competent evidence (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Bongiovanni v Cavagnuolo, 138 AD3d 12, 17; Barley v Bethpage Physical Therapy Assoc., P.C., 122 AD3d at 784; Duvidovich v George, 122 AD3d 666).
We agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint, although on a different ground than that relied on by the court. In support of his motion, the defendant failed to establish, prima facie, that he did not depart from good and accepted medical practice, or that any departure was not a proximate cause of the injured plaintiff's injuries. The defendant's expert merely summarized the medical records and certain deposition testimony, and opined in a conclusory manner that the defendant's treatment of the injured plaintiff did not represent a departure from good and accepted medical practice (see Kelly v Rosca, 164 AD3d at 891; Barley v Bethpage Physical Therapy Assoc., P.C., 122 AD3d at 784). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of this determination, the defendant's remaining contention has been rendered [*2]academic.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court