DeVaul v Erie Ins. Co. of N.Y. (2019 NY Slip Op 05927)





DeVaul v Erie Ins. Co. of N.Y.


2019 NY Slip Op 05927


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


680 CA 18-02072

[*1]HERBERT DEVAUL, PLAINTIFF-APPELLANT,
v
ERIE INSURANCE COMPANY OF NEW YORK, DEFENDANT-RESPONDENT. 






LYNN LAW FIRM, LLP, SYRACUSE (KELSEY W. SHANNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (SEAN ESFORD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered September 17, 2018. The order, insofar as appealed from, denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff owned a home that defendant insured. After the home burned down under suspicious circumstances, defendant denied plaintiff's claim for coverage because, inter alia, defendant believed that plaintiff "intentionally caus[ed] the fire." Plaintiff thereafter commenced this breach of contract action to recover under the insurance policy, and Supreme Court denied plaintiff's motion for summary judgment on, inter alia, the issue of liability.
We affirm. Plaintiff's affidavit in support of his motion included only conclusory denials that he committed arson, which were insufficient to meet his initial burden on his motion for summary judgment (see generally Pullman v Silverman, 28 NY3d 1060, 1062 [2016]). The remaining submissions in support of plaintiff's motion merely highlighted gaps in defendant's affirmative defense of arson, and it is well established that "a party moving for summary judgment . . . does not meet its burden by noting gaps in its opponent's proof" (Nick's Garage, Inc. v Geico Indem. Co., 165 AD3d 1621, 1622 [4th Dept 2018] [internal quotation marks omitted]; see Morley Maples, Inc. v Dryden Mut. Ins. Co., 130 AD3d 1413, 1413-1415 [3d Dept 2015]). We have considered and rejected plaintiff's remaining contentions.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court