Stiso v Berlin (2019 NY Slip Op 07308)





Stiso v Berlin


2019 NY Slip Op 07308


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-11966
 (Index No. 32519/07)

[*1]Leighanne Stiso, etc., appellant, 
v
Melvin Berlin, etc., et al., respondents, et al., defendant.


Law Offices of Sandra M. Radna, P.C., Northport, NY, for appellant.
Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert G. Vizza and Deborah A. Dyckman of counsel), for respondents Melvin Berlin and Scott Berlin.
Martin Clearwater & Bell LLP, East Meadow, NY (Barbara D. Goldberg, John L. A. Lyddane, and Scott O. Frycek of counsel), for respondents Dimitrios Mastrogiannis and LI Maternal Fetal Care Medicine, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated October 7, 2016. The order granted the motion of the defendants Melvin Berlin and Scott Berlin, and the separate motion of the defendants Dimitrios Mastrogiannis and LI Maternal Fetal Care Medicine, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Melvin Berlin and Scott Berlin for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants Melvin Berlin and Scott Berlin, and one bill of costs to the defendants Dimitrios Mastrogiannis and LI Maternal Fetal Care Medicine, P.C., payable by the plaintiff.
The plaintiff, Leighanne Stiso, commenced this action on behalf of her infant son to recover damages for personal injuries he allegedly sustained as a consequence of his premature birth due to the alleged medical malpractice of the defendants Melvin Berlin and Scott Berlin (hereinafter together the Berlin defendants) and the defendants Dimitrios Mastrogiannis and LI Maternal Fetal Care Medicine, P.C. (hereinafter together the LIMFCM defendants). After discovery, the Berlin defendants and the LIMFCM defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated October 7, 2016, the Supreme Court granted the separate motions. The plaintiff appeals.
The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage (see Korszun v Winthrop Univ. Hosp., 172 AD3d 1343, 1344). To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate [*2]cause of the plaintiff's injuries (see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1078). The failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Once this showing has been made, however, the burden then shifts to the plaintiff to produce evidence in admissible form sufficient to establish the existence of triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, 25-26).
Here, the LIMFCM defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the care provided by Mastrogiannis did not depart from accepted community standards of practice. Therefore, the burden shifted to the plaintiff to raise a triable issue of fact on that issue (see Alvarez v Prospect Hosp., 68 NY2d at 324; Stukas v Streiter, 83 AD3d at 25-26). As a threshold matter, the court improvidently exercised its discretion in not considering the affidavit of the plaintiff's expert, inter alia, on the ground that it failed to meet the requirements of CPLR 2309(c) (see CPLR 2001; Moore v DL Peterson Trust, 172 AD3d 1058, 1059-1060; Lipinsky v Yarusso, 164 AD3d 896, 898; Rivers v Birnbaum, 102 AD3d 26, 44). Nevertheless, the affidavit, which relied in part on facts that were not supported by the record, was insufficient to raise a triable issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544; Wagner v Parker, 172 AD3d 954, 955; Rivers v Birnbaum, 102 AD3d at 44). Therefore, we agree with the Supreme Court's determination to grant the LIMFCM defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
By contrast, we do not agree with the Supreme Court's determination that the Berlin defendants established their prima facie entitlement to judgment as a matter of law. The Berlin defendants' expert proffered only the most conclusory assertions regarding the absence of a causal link between the Berlin defendants' alleged departures and the injuries sustained by the plaintiff's infant son (see Pullman v Silverman, 28 NY3d 1060; Gray v Patel, 171 AD3d 1141, 1144). Moreover, the expert's opinion with respect to the absence of a departure from the accepted standard of care failed, among other things, to address some of the plaintiff's allegations that the Berlin defendants repeatedly failed to respond to calls placed to their office. In addition, the expert improperly assumed the truth of certain facts that were disputed by the plaintiff, and failed to explain the basis for some of his conclusions. In sum, the Berlin defendants' submission was insufficient to establish their prima facie entitlement to summary judgment (see Gray v Patel, 171 AD3d at 1144; Yaegel v Ciuffo, 95 AD3d 1110, 1112). Accordingly, the Supreme Court should have denied the Berlin defendants' motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court