Oliver v New York City Health & Hosps. Corp. (2019 NY Slip Op 09275)





Oliver v New York City Health & Hosps. Corp.


2019 NY Slip Op 09275


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-05416
 (Index No. 503935/16)

[*1]Constance Oliver, respondent, 
v
New York City Health and Hospitals Corp., appellant.


James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Claibourne Henry of counsel), for appellant.
Law Offices of Marius C. Wesser, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated March 22, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff underwent a surgical procedure at Kings County Hospital Center (hereinafter KCH) in January 2014. Eight months later, in August 2014, she was diagnosed at KCH with a left-sided ventral hernia. After a CT scan was performed in December 2014, she was diagnosed more specifically with an incisional hernia—a type of ventral hernia. Seven months later, in July 2015, the plaintiff underwent surgery at KCH to repair the hernia.
The plaintiff subsequently commenced this action against the defendant, New York Health and Hospitals Corp., to recover damages for medical malpractice, alleging, inter alia, that errors committed during the January 2014 surgery increased the risk of an incisional hernia, and that after the surgery the defendant was negligent in failing to timely diagnose and treat the hernia. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated March 22, 2018, the Supreme Court denied the motion. The defendant appeals.
The elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage (see Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1078). The failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Once this showing has been made, however, the burden then shifts to the plaintiff to produce evidentiary facts in admissible form sufficient to establish the existence of material triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, [*2]25-26).
Here, although the affirmation of the defendant's expert was sufficient to establish, prima facie, that no error was committed during the January 2014 surgery, it was insufficient to "rebut, with factual proof" (Pullman v Silverman, 28 NY3d 1060, 1062 [internal quotation marks omitted]) the plaintiff's further allegations of failure to timely diagnose and treat her incisional hernia. Among other things, the expert failed to rebut the plaintiff's allegation that the hernia could have been diagnosed in May of 2014, when the plaintiff presented to KCH with concerns about the shape of her abdomen, just days after complaining to a KCH social worker about a lump near the incision. Moreover, the expert's assertion that the plaintiff was responsible for any delay in scheduling the December 2014 CT scan and, ultimately, in scheduling the July 2015 repair surgery is speculative. Also, with respect to causation, the expert's assertion that "any delay in diagnosing the hernia did not cause or contribute to any of the injuries alleged in plaintiff's bill of particulars" is conclusory (see Pullman v Silverman, 28 NY3d at 1062; Gray v Patel, 171 AD3d 1141, 1144) and, in any event, says nothing about the nearly one year period from the time the hernia was first diagnosed until the date of the repair surgery.
In sum, the defendant's submission was insufficient to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint (see Gray v Patel, 171 AD3d at 1144; Yaegel v Ciuffo, 95 AD3d 1110, 1112). Accordingly, we agree with the Supreme Court's determination denying the defendant's motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court