**Tung v Bowery Presents LLC**

2024 NY Slip Op 30267(U)

January 22, 2024

Supreme Court, New York County

Docket Number: Index No. 161325/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ

*Justice*

PART      47

-----------------------------------------------------------------------------X

BELLE TUNG, BELLE TUNG,

           Plaintiffs,

- v -

THE BOWERY PRESENTS LLC,AEG PRESENTS NY, LLC D/B/A/ PLAYSTATION THEATER, PARADOCS WORLDWIDE INC.,CONCERT SERVICE SPECIALISTS, INC. D/B/A CSS SECURITY, INC.,

           Defendants.

-----------------------------------------------------------------------------X

| INDEX NO. | 161325/2019 |
| MOTION DATE | 06/15/2023 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

BELLE TUNG, BELLE TUNG

           Plaintiffs,

-against-

DUVAN DIAZ, JENNIFER VALENCIA,

           Defendants.

-----------------------------------------------------------------------------X

MOTION
Index No. 159402/2021
(Motion #002)

The following e-filed documents, listed by NYSCEF document number (Motion 006) 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 197, 199, 200, 202, 203, 204, 205, 206

were read on this motion to/for             JUDGMENT - SUMMARY       .

In this wrongful death and medical malpractice action defendants, The Bowery Presents

LLC, AEG Presents NY LLC d/b/a Playstation Theater ("AEG"); and Paradocs Worldwide Inc.

("Paradocs")[1] move pursuant to CPLR § 3212 for summary judgement dismissing all of the

---

[1] By stipulation dated December 1, 2022, plaintiffs discontinued their claims against Concert Service Specialists, Inc. d/b/a CSS Security with prejudice (NYSCEF Doc No 128).

**161325/2019  TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No.  006**

**Page 1 of 10**

1 of 10

[* 1]

claims as against them by plaintiffs. In a related action (*Belle Tung et al v Duvan Diaz et al*, Index No 159402/2021) which was previously ordered consolidated with this action, defendants Duvan Diaz and Jennifer Valencia also move pursuant to CPLR § 3212 for summary judgement dismissing all of the claims against them by plaintiffs. By decision and order dated September 21, 2023, this court ordered the instant case to be consolidated with Index No. 159402/2021 (NYSCEF Doc No 198). As the motions in both cases involve identical matters of fact and law, and consolidation has not yet been effectuated both motions will be decided by this decision and order.

## BACKGROUND

Plaintiff, Belle Tung commenced this action following the death of her daughter Candice Chen (NYSCEF Doc No 1) after attending an Electronic Dance Music concert at the then PlayStation Theatre with her boyfriend, Anson Huynh, and other friends on May 12, 2018 (NYSCEF Doc No 200). In his deposition, Mr. Huynh stated that Ms. Chen had taken MDMA or molly at some point during the night (Huynh EBT, NYSCEF Doc No 162 at 63:16 – 64:9). Shortly before midnight Ms. Chen told Mr. Huynh that she was not feeling well and Mr. Huynh reported seeing her eyes roll back in her head and then collapsing (*id*. at 38:16 – 39:25). Ms. Chen was taken off the main dance floor and her friends went to find someone to help (*id*.).

A radio call was made from security supervisor James Green to EMT personnel contracted by defendant AEG at 12:05 AM on May 13, 2018 (Green EBT, NYSCEF Doc No 169). AEG hired defendant Paradocs as an independent contractor to provide EMT services during events taking place at the PlayStation theatre (NYSCEF Doc No 176). Paradocs had two employee EMTs working the event, defendants Duvan Diaz and Jennifer Valencia (*See* Valencia EBT, NYSCEF Doc No 163; Diaz EBT, NYSCEF Doc No 164).

[* 2]

Ms. Chen was then placed in a wheelchair and moved to an area known as "Medic Alley" where she was treated by defendants Diaz and Valencia. There is a dispute as to both the precise timeline of events and Ms. Chen's condition when she was brought to the medical area. However, the parties agree that the EMTs along with AEG employee Adetinuke Ogunleye placed ice on Ms. Chen's head and attempted to give her juice which she was unable to drink. Ms. Chen's vitals were checked, and she was ventilated using a Bag Mask Valve ("BMV"). Ms. Chen's condition continued to deteriorate and due to difficulty with cell phone reception in Medic Alley, she was brought upstairs and 911 was called. Defendants claim that 911 was called at 12:18 AM and FDNY EMS arrived at 12:22 AM (NYSCEF Doc No 171). However, plaintiffs note the FDNY Prehospital Care Report which states that the call was received at 12:26 AM and the EMS arrived at 12:30 AM (NYSCEF Doc No 173).

The FDNY paramedics transferred Ms. Chen to a stretcher where they "initiated all advanced life support protocols … which involves attempting advanced airway, advanced medications, IV lines and … continuous high quality CPR" (Stenborg EBT, NYSCEF Doc No 170 at 20:9 – 20:13). The FDNY paramedics continued to work on Ms. Chen at the venue until 12:54 AM (NYSCEF Doc No 173). They arrived at the hospital at 12:58 AM. (*id.*) Attempts to resuscitate Ms. Chen continued until 1:26 AM when she was pronounced dead (NYSCEF Doc No 200). An autopsy was conducted, and the cause of death was determined to be "acute methylenedioxymethamphetamine intoxication" (NYSCEF Doc No 178).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060,

**161325/2019   TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No. 006**

**Page 3 of 10**

3 of 10

1062 [2016]). "A defendant moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted standards of medical care or that any departure was not a proximate cause of the plaintiff's injuries" (*Vidito v Hugelmeyer*, 150 AD3d 1309, 1309-10 [2d Dept 2017]). If a defendant makes this showing "by submitting an affirmation from a medical expert establishing that the treatment provided to the injured plaintiff comported with good and accepted practice, the burden shifts to the plaintiff to present evidence in admissible form that demonstrates the existence of a triable issue of fact" (*Bartolacci-Meir v Sassoon*, 149 AD3d 567, 570 [1st Dept 2017]). When there are competing expert opinions regarding deviation from the accepted medical standards of care summary judgement is inappropriate as triable issues of fact exist (*Destiny H. v Bronx Lebanon Hosp.*, 137 AD3d 607 [1st Dept 2016]).

Plaintiffs allege causes of actions in these two related actions for negligence, wrongful death, loss of services, pain and suffering, and medical malpractice. Plaintiffs' claims for wrongful death, loss of services, and pain and suffering are dependent on a determination of liability under the negligence claims therefore a determination on the negligence cause of action will be dipositive of all causes of action in the complaint.

*Negligence Against Valencia and Diaz*

In the *Belle Tung et al v Duvan Diaz et al*, complaint plaintiffs allege four causes of action against defendants Diaz and Valencia (Index No 159402/2021, NYSCEF Doc No 1). Plaintiffs allege one claim of negligence, two claims of wrongful death, and one claim of loss of services (*id.*). Diaz and Valencia move pursuant to CPLR § 3212 to dismiss the complaint in its entirety arguing that the treatment provided to Ms. Chen did not deviate from accepted standards of practice.

**161325/2019   TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No.  006**

**Page 4 of 10**

4 of 10

The initial burden is on Diaz and Valencia to establish that the treatment they provided to Ms. Chen was within the accepted standards of medical practice. Diaz and Valencia meet their burden of proof by submitting the affidavit of Dr. Robert Meyer who opines that the treatment rendered by Valencia and Diaz did not deviate from the accepted standard of medical practice (NYSCEF Doc No 149 ¶ 28).

However, plaintiffs have also satisfied their burden of raising an issue of fact by submitting a conflicting affidavit from their own medical expert Dr. Kai Sturmann. In particular, Dr. Sturmann opined that the on site EMTs failed to diagnose the severity of the decedent's condition, that they waited too long to call 911, and that the use of a BMV while decedent was in a seated position was inappropriate as a seated position can block the airways (NYSCEF Doc No 200 ¶ 23-25). Accordingly, plaintiffs have raised a triable issue of fact in opposition to defendants Valencia and Diaz's motion and summary judgement must be denied.

*Negligence as against Paradocs*

In the amended complaint of the case bearing Index No. 161325/19 plaintiffs allege five causes of action against defendant Paradocs (NYSCEF Doc No 21). They allege one claim each of negligence, medical malpractice, wrongful death, pain and suffering, and loss of services (*id.*). Defendant Paradocs moves pursuant to CPLR § 3212 to dismiss the entire complaint arguing that the treatment provided by their employees Diaz and Valencia did not deviate from accepted standards of practice.

"An employer may be held vicariously liable for the tortious acts of its employee … if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N. X. v Cabrini Med. Ctr.*, 280 AD2d 34, 37 [1st Dept 2001]). Here, the alleged negligent actions were committed within the scope of defendants Diaz and Valencia's

**161325/2019 TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No. 006**

**Page 5 of 10**

5 of 10

[* 5]

employment. Therefore, Paradocs can be found vicariously liable for the alleged negligence of their employees Diaz and Valencia. Accordingly, for the same reasons summary judgement will be denied as against Diaz and Valencia it must too be denied as against Paradocs.

*Vicarious Liability as against AEG*

In the amended complaint, plaintiffs allege four causes of action against defendant AEG (NYSCEF Doc No 21). They allege one claim each of negligence, wrongful death, pain and suffering, and loss of services (*id.*). Plaintiffs allege that AEG is vicariously liable for the alleged negligence by their employees. Defendant AEG moves to dismiss the entire complaint arguing that they cannot be held vicariously liable for any of the actions of co-defendants Diaz, Valencia, or Paradocs as they were independent contractors. AEG also contends that while AEG employee Ms. Ogunleye is a certified EMT she was not acting in her capacity as an EMT on the night of Ms. Chen's death and any actions she took were under the direction and control of Paradocs employees. Therefore, according to AEG's argument, any negligent treatment cannot be attributed to Ms. Ogunleye and thus it cannot be held vicariously liable.

"The general rule is that a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]). Exceptions to this rule include "negligence of the employer in selecting, instructing or supervising the contractor; employment for work that is especially or 'inherently' dangerous; and, finally, instances in which the employer is under a specific nondelegable duty" (*id.*).

Here, plaintiffs have not submitted any evidence that AEG was negligent in selecting Paradocs, that the work was inherently dangerous, or that providing medical services was a nondelegable duty which AEG could not transfer to Paradocs (See *Begley v City of New York*,

**161325/2019 TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No. 006**

**Page 6 of 10**

[* 6]

6 of 10

111 AD3d 5 [2d Dept 2013] [finding that the Department of Education could not be found vicariously liable for negligence by independent contractor nursing services because "we cannot find that the provision of nursing services is so integral to the DOE's core responsibility of educating children that, as a matter of public policy, it can be deemed a nondelegable duty that the DOE cannot be permitted to transfer to another"]). Therefore, AEG cannot be held vicariously liable for the actions of Paradocs.

However, while AEG cannot be found vicariously liable for the actions of Diaz and Valencia, there is a triable issue of fact regarding the services provided by their own employee Ms. Ogunleye, who assisted the Paradocs EMTs that night. While defendant AEG argues that Ms. Ogunleye did not initiate any care for the decedent on her own and was simply following the direction of Paradocs EMTs, plaintiffs contend that Ms. Ogunleye, a certified EMT herself, took actions on her own opening AEG to vicarious liability for her actions. If a fact finder was to determine that Ms. Ogunleye was acting within the scope of her employment and was negligent in her treatment of the decedent, then AEG could be found vicariously liable for her actions. Accordingly, since there exists a triable issue of fact regarding Ms. Ogunleye's role in rendering care to Ms. Chen, AEG's motion for summary judgement on this basis must be denied.

*Negligence as against AEG*

Plaintiffs also have a negligence claim against AEG independent of the allegedly negligent medical services claim. Plaintiffs argue that the premises were not properly equipped to protect Ms. Chen against the foreseeable dangers that could occur at an event of this type. AEG avers it has complied with the industry standards for its venue and it did not breach a duty of care to Ms. Chen.

**161325/2019   TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No. 006**

**Page 7 of 10**

7 of 10

"In order to prevail on a negligence claim, a plaintiff must demonstrate; 1) a duty owed by the defendant to the plaintiff, 2) a breach thereof, and 3) injury proximately resulting therefrom" (*Pasternack v Lab. Corp. of Am. Holdings,* 27 NY3d 817 [2016]). It is well established that an owner of a theatre has a duty to guard against harms which are reasonably foreseeable and could be avoided with the exercise of ordinary care (*Tantillo v Goldstein Bros. Amusement Co.,* 248 NY 286 [1928]). "Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (*Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]). When an event has a known history of drug use, dangers associated with that drug may be deemed foreseeable (*Bynum v Camp Bisco, LLC*, 198 AD3d 1164 [3d Dept 2021]).

Here, AEG by hiring an EMT company to provide medical care, implies that it concedes it is foreseeable that its patrons could need medical attention during events. Additionally, AEG employee Ms. Ogunleye testified in her deposition that prior to certain shows AEG employees would have a meeting during which they discussed the likelihood that there would be drug use at the event (Ogunleye EBT, NYSCEF Doc No 166 at 22:22 – 24:23). Referencing the event Ms. Chen attended Ms. Ogunleye stated that "it is an EDM [Electronic Dance Music] show and that crowd usually brings interesting characters and sometimes there is drug use" (*id*. at 24:17 – 24:20). AEG employee Justin Grover also testified that AEG employees were told to contact an EMT if a patron told them they had taken MDMA (Grover EBT, NYSCEF Doc No 165 at 40:22 – 41:3). Considering the facts in the light most favorable to the plaintiffs, the risk of medical emergencies including overdoses were foreseeable and AEG had a duty to protect from these risks.

**161325/2019   TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No. 006**

**Page 8 of 10**

[* 8]

8 of 10

For proof that it did not breach this duty of care, defendant AEG offers an affidavit by hospitality expert Marissa Orlowski, Ph.D., wherein she states that AEG has complied with the industry standards of care that are expected from a venue of the size and type of the PlayStation Theatre (NYSCEF Doc No 150). Plaintiffs did not offer an expert opinion countering Dr. Orlowski's contentions that AEG was in compliance with industry standards. However, Dr. Orlowski admits she has no medical training and defers to the assertions regarding medical care to the medical experts (*id*. at ¶ 14).

Since many of the allegations regarding AEG's negligence made by plaintiffs stem from factual issues on how to properly plan for and respond to a medical emergency, the assertions made by Dr. Orlowski cannot by themselves absolve AEG of liability. For example, considering that it was foreseeable that patrons could have potentially overdosed at the concert, a fact finder could determine that it was unreasonable for AEG to place "Medic Alley" in an area without cell phone or landline service. Considering the expert medical knowledge that is necessary to determine how to properly assess an overdosing patient and how a delay in contacting 911 can affect the patient, Dr. Orlowski's testimony is not dispositive of the issue of liability for AEG. Therefore, there are unresolved issues of fact regarding whether AEG breached its duty of care to the decedent. Accordingly, AEG's summary judgment motion must be denied in its entirey.

Accordingly it is:

ORDERED that defendants The Bowery Presents LLC, AEG Presents NY LLC d/b/a Playstation Theater and Paradocs Worldwide Inc.'s motion for summary judgement dismissing the complaint in the action bearing Index No. 161325/2019 (MS # 6) is denied; and it is further

**161325/2019   TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No.  006**

Page 9 of 10

9 of 10

ORDERED that defendants Duvan Diaz and Jennifer Valencia's motion for summary judgment dismissing the complaint in the action bearing Index No. 159402/2021 (MS #2) is denied; and it is further

ORDERED that plaintiffs who previously moved to consolidate *Belle Tung et al v The Bowery Presents LLC et al*, Index No. 161325/2019 with *Belle Tung et al v Duvan Diaz et al*, Index No. 159402/2021, which was granted by decision and order dated September 21, 2023 (NYSCEF Doc No 198) shall fully comply with the requirements therein within 20 days of the date of this decision and order to effectuate the consolidation of the two actions.

20240122124121PG0ETZ17F687F057FE94B0CB764AA813C5ADE22

**1/22/2024**
DATE

PAUL A. GOETZ, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161325/2019   TUNG, BELLE vs. BOWERY PRESENTS LLC**
**Motion No.  006**

Page 10 of 10

10 of 10