In v Maimonides Med. Ctr. (2025 NY Slip Op 04238)

In v Maimonides Med. Ctr.

2025 NY Slip Op 04238

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2020-07596
 (Index No. 15974/14)

[*1]Sophany In, etc., appellant, 
v
Maimonides Medical Center, et al., respondents, et al., defendant.

Peña & Kahn PLLC (The Altman Law Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 8, 2020. The order granted the motion of the defendants Maimonides Medical Center and Alan M. Derzie for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Maimonides Medical Center and Alan M. Derzie for summary judgment dismissing the complaint insofar as asserted against them is denied.
In April 2014, the plaintiff's decedent (hereinafter the decedent) allegedly died of an aortic dissection at the defendant Maimonides Medical Center (hereinafter the hospital) after being seen in the emergency department by the defendant Alan M. Derzie. In November 2014, the plaintiff, individually and as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. The hospital and Derzie (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated September 8, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) [that] the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries" (Russell v Garafalo, 189 AD3d 1100, 1101 [citation and internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). "[A] defendant's expert's affidavit or affirmation that merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice is insufficient to meet this burden" (Buzeska v Crystal Run Healthcare Physicians, LLP, 234 AD3d 656, 658 [internal quotation marks omitted]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The defendants submitted, inter alia, the affirmation of an expert, whose opinions regarding the defendants' alleged failure to diagnose the plaintiff's aortic dissection after receipt of certain X-ray results and blood test results were conclusory and unsupported by the record (see Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 660; Yaegel v Ciuffo, 95 AD3d 1110, 1112-1113). That expert's opinion regarding proximate cause was also conclusory and insufficient to meet the defendants' burden as the parties moving for summary judgment (see Wei Lin v Sang Kim, 168 AD3d 788, 788-789). Accordingly, the Supreme Court should have denied the defendants' motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court