■ A & E STORES, INC., Respondent, v U.S. TEAM, INC., Defendant, and RUBEN GROSS ASSOCIATES, ARCHITECTS, P.A., Appellant. [880 NYS2d 634]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered April 10, 2008, which denied the motion of defendant Reuben Gross Associates, Architects, P.A. (RGA) for summary judgment dismissing the third-party complaint as against it, unanimously modified, on the law, to grant the motion to the extent of dismissing the claims for contribution, contractual indemnification and breach of contract, and otherwise affirmed, without costs.

Plaintiff seeks contribution, indemnification and damages for breach of contract in connection with an underlying action for personal injuries sustained by a customer in a trip and fall on interior stairs in plaintiff's store. It is alleged that RGA designed, and that defendant U.S. Team, Inc. constructed, the subject stairs.

As plaintiff acknowledges, the contribution claim should have been dismissed, since plaintiff settled the underlying personal injury action (*see* General Obligations Law § 15-108 [c]).

Plaintiff's claims for contractual indemnification and breach of contract for failure to procure insurance should have also been dismissed. In support of its motion, RGA submitted the affidavit of its principal who asserted that the oral agreement to provide plaintiff with architectural services did not include an agreement to indemnify plaintiff or procure insurance on its behalf. In opposition, plaintiff failed to raise a triable issue of fact as to the existence of an agreement to procure insurance or provide indemnification, and its speculation that useful information may be learned during discovery does not constitute

grounds for denying the motion (*see* CPLR 3212 [f]; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-164 [1980]; *Auerbach v Bennett*, 47 NY2d 619, 636 [1979]).

However, dismissal of the common-law indemnification claim is not warranted, where the record shows that RGA failed to make a prima facie showing of entitlement to judgment as a matter of law on that claim, which failure could not be remedied on reply (*see Hawthorne v City of New York*, 44 AD3d 544 [2007]). Concur—Saxe, J.P., Buckley, McGuire, Moskowitz and Acosta, JJ.