Mullins v Center Line Studios, Inc. (2021 NY Slip Op 02756)





Mullins v Center Line Studios, Inc.


2021 NY Slip Op 02756


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 152989/14 Appeal No. 13736 Case No. 2020-01341 

[*1]Timothy C. Mullins, Plaintiff-Respondent-Appellant,
v
Center Line Studios, Inc., Defendant-Appellant-Respondent, New York Communications Center Associates, L.P., et al., Defendants-Respondents, NYC Production Core LLC, Defendant-Respondent-Appellant. [And Other Third-Party-Actions]


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for appellant-respondent.
Siegel & Coonerty, LLP, New York (Steven Aripotch of counsel), for Timothy C. Mullins, respondent-appellant.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for NYC Production Core LLC, respondent-appellant.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York (Maureen E. Peknic of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered January 13, 2020, which, inter alia, denied defendant Center Line Studios, Inc.'s (Center Line) motion for summary judgment dismissing the Labor Law §§ 240(1) and 200 and common-law negligence claims and all cross claims as against it, and denied defendant/second third-party plaintiff NYC Production Core, LLC's (Production Core) motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, to the extent of dismissing the Labor Law §§ 240(1) and 200 claims as against Center Line, and granting Production Core's motion for summary judgment dismissing the complaint and cross claims against it except those cross claims for contractual indemnification, and otherwise affirmed, without costs.
Center Line is entitled to summary judgment dismissing the Labor Law § 240(1) claim as against it, as it was not a statutory agent. The record is clear that it had no authority to supervise and control plaintiff's work (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]).
Center Line is also entitled to summary judgment dismissing the Labor Law § 200 claim. Even assuming that Center Line is a proper Labor Law § 200 defendant, it cannot be held liable under the statute. This case is a means and methods of work case, and there is no proof that Center Line had authority to supervise and control plaintiff's work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
A claim for common-law negligence may lie even though there is no Labor Law § 200 liability (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009]; Bell v Bengomo Realty, Inc., 36 AD3d 479, 481 [1st Dept 2007]). A triable issue of fact exists as to whether Center Line negligently created or exacerbated a dangerous condition so as to have "launche[d] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks omitted]). Although Center Line augmented the ladder as directed by Production Core, a triable issue of fact exists as to whether Center Line could have reasonably anticipated that the gluing of the rung to the top of the ladder would pose a hazard and likely to cause injury (Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46 [1924] ["A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury"]; see Rosenbaum, Rosenfeld & Sonnenblick, LLP v Excalibur Group NA, LLC, 146 AD3d 489, 490 [1st Dept 2017]). While plaintiff and the codefendants claim that Center Line dangerously altered the ladder despite knowing that the ladder was structural and climbable, Center Line claims that the ladder was a prop ladder that was not meant to be OSHA compliant, and that [*2]it augmented the ladder in reliance on Production Core's assurances that the top portion of the ladder would not be ascended by the actors. Such raises an issue of fact for the jury to decide.
The record establishes that Production Core was plaintiff's special employer. It is clear that, while plaintiff and his supervisor were paid by Murder for Two Limited Liability Co., Production Core essentially hired them and controlled and directed their work (see Workers' Compensation Law §§ 11, 29[6]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]; Gannon v JWP Forest Elec. Corp., 275 AD2d 231, 231- 232 [1st Dept 2000]). Production Core is entitled to dismissal of the complaint and cross claims against it, except to the extent the cross claims are for contractual indemnification (see New York Hosp. Med. Ctr. of Queens v Microtech Contr. Corp., 22 NY3d 501, 510 [2014]; Tonking v Port Auth. of N.Y. & N. J., 3 NY3d 486, 490 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021