Ochoa v 3475 Third Ave. Hous. Dev. Fund Corp. (2022 NY Slip Op 01248)





Ochoa v 3475 Third Ave. Hous. Dev. Fund Corp.


2022 NY Slip Op 01248


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 31545/19E Appeal No. 15372 Case No. 2021-03829 

[*1]Julio Ochoa, Plaintiff-Appellant,
v
3475 Third Avenue Housing Development Fund Corporation et al., Defendants, Alegria Operating LLC, et al., Defendants-Respondents.


Salerno & Goldberg, P.C., Deer Park (Allen Goldberg of counsel), for appellant.
James Sawyer, Jericho, for respondents.



Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 28, 2021, dismissing the action as against defendants Alegria Operating LLC, Alegria Health & Wellness, and Alegria Operating LLC doing business as Alegria Health & Wellness (together, the Alegria defendants), unanimously affirmed, without costs.
The Alegria defendants established their prima facie entitlement to summary judgment by proffering an affidavit by a member of a codefendant, stating that the premises were owned by entities other than the Alegria defendants, and that one of those entities, not the Alegria defendants, had contracted for the construction work in which plaintiff was engaged at the time of his accident. The Alegria defendants also submitted an affidavit by their principal, as well as the lease for the premises, both of which established that the work on the premises was not complete at the time the affidavit was executed and that the Alegria defendants were not to take possession until that work was completed. In opposition, plaintiff's speculative assertions failed to raise an issue of fact (see A & E Stores, Inc. v U.S. Team, Inc., 63 AD3d 486, 486-487 [1st Dept 2009]. Furthermore, plaintiff's argument that the motion was premature is unavailing, since the knowledge of who contracted for and oversaw the work was solely in the possession of the codefendants, not the Alegria defendants, who had not yet taken possession of the premises (see Auerbach v Bennett, 47 NY2d 619, 636 [1979]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022