Payne v NSH Community Servs., Inc. (2022 NY Slip Op 01882)





Payne v NSH Community Servs., Inc.


2022 NY Slip Op 01882


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 160955/13 Appeal No. 15455 Case No. 2021-00478 

[*1]James Payne, Plaintiff-Respondent,
v
NSH Community Services, Inc., et al., Defendants-Respondents-Appellants, Peter Scalamandre & Sons, Inc., Defendant-Appellant-Respondent, North Shore Community Services, Inc., Defendant. [And A Third-Party Action]


Cascone & Kluepfel, LLP, Farmingdale (Beth L. Rogoff-Gribbins of counsel), for appellant-respondent.
Dopf, P.C., New York (Martin B. Adams of counsel), for respondents-appellants.
Brody, O'Connor & O'Connor, Northport (Michael I. Feiner of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 2, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Peter Scalamandre & Sons, Inc.'s (Scalamandre) motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) and common-law negligence claims and defendants NSH Community Services, Inc. and Turner Construction Company's cross claim for contractual indemnification against it, denied NSH and Turner's cross motion for summary judgment dismissing the complaint as against them, granted Scalamandre's motion for summary judgment dismissing NSH and Turner's cross claim for breach of contract based on failure to procure insurance naming them as additional insureds, and granted NSH and Turner's cross motion for summary judgment on their cross claim for partial contractual indemnification against Scalamandre, unanimously modified, on the law, to grant the motions for summary judgment dismissing the Labor Law § 241(6) claim as against Scalamandre, NSH, and Turner and the Labor Law § 200 and common-law negligence claims as against NSH and Turner, and otherwise affirmed, without costs.
Plaintiff James Payne and his coworkers were traversing a rebar mat to exit a parking garage during their coffee break. The rebar mat had just been installed in the garage under construction. The mat is a latticework of rebars whose purpose is to reinforce the concrete that will be poured later to form a ramp leading to the ground level of the garage. Scalamandre's subcontract with Turner required it to provide a "solid walking surface" over the rebar mat if the rebar mat "[had to] be crossed by any trade." There is no dispute that no such walking surface was provided. As plaintiff was walking across the rebar mat, the toe of one of his shoes got caught on one of the rebars, causing him to fall forward, and his face and knee struck the rebar mat. He testified that one of his hands struck the rebars on his way down, and passed through the mesh, hitting the ground below. He claimed the ground was about 12 inches below the rebar mat. Other witnesses testified, however, that the rebar was only about two to three inches above the ground.
Supreme Court correctly denied the motions for summary judgment dismissing the Labor Law § 240(1) claim. A factual issue exists as to whether plaintiff's fall and resultant injury were the result of an exposure to an elevation-related hazard (see Brown v 44 St. Dev., LLC, 137 AD3d 703 [1st Dept 2016]). A factual issue also exists as to whether plaintiff was engaged in work that posed an elevation-related risk at the time of his fall (id.). Supreme Court also correctly found that a factual issue existed as to whether Scalamandre was a statutory agent (see Mathews v Bank of Am., 107 AD3d 495, 495-496 [1st Dept 2013] [subcontractor is an agent only to the extent that it has been given authority to supervise and control the injury-producing activity]). The Labor Law § 241(6) [*2]claim should have been dismissed. Industrial Code (12 NYCRR) § 23-5.1(e)(5), which provides for a minimum width for planked scaffold platforms, is inapplicable here, as the rebar mat was not a planked scaffold, and even if Scalamandre were required by its subcontract to provide a walkway over the rebar mat, such a walkway would not constitute a scaffold under the regulation. The purpose of the rebar mat was to reinforce the concrete to create a permanent ramp in the garage. This purpose demonstrates that the rebar mat's character was to be a normal appurtenance to the garage, rather than a device designed to protect a worker from elevation-related hazards (see Brennan v RCP Assoc., 257 AD2d 389, 391 [1st Dept 1999], lv dismissed, 93 NY2d 889 [1999]).
The court should have granted NSH and Turner's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them, as the evidence establishes that they did not have the authority to supervise or control the injury-producing work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). The court correctly denied Scalamandre's motion for summary judgment dismissing the common-law negligence claim as against it. Issues of fact exist as to whether Scalamandre created a dangerous condition by leaving the rebar mat exposed (see Mullins v Center Line Studies, Inc., 194 AD3d 421, 422 [1st Dept 2021]).
The court correctly granted summary judgment to NSH and Turner on their cross claim for contractual indemnification. The accident "arose out of" Scalamandre's work, as the installation and covering of the rebar mat was part of its contractual undertaking, and plaintiff's accident occurred in connection with his use of the rebar mat (see Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268, 271 [1st Dept 2007]). Further, the indemnification provision, which contains a savings clause, does not violate General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 209 [2008]; Radeljic v Certified of N.Y., Inc., 161 AD3d 588, 590 [1st Dept 2018]).
Additionally, the court correctly dismissed NSH and Turner's claim for breach of contract based on failure to procure insurance. Correspondence from Scalamandre's insurer stated that its insurance policy contained a blanket additional insured endorsement covering parties that it had contractually agreed to name as additional insureds.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022