Otero v 635 Owner LLC (2022 NY Slip Op 06172)

Otero v 635 Owner LLC

2022 NY Slip Op 06172

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 26472/15E Appeal No. 16610 Case No. 2021-02183 

[*1]Jorge Victoria Otero, Plaintiff-Respondent,
v
635 Owner LLC et al., Defendants-Appellants, Transparent Construction, LLC, et al., Defendants, Montec Interiors, Inc., et al., Defendants-Respondents.
JRM Construction Management, LLC, Third-Party Plaintiff-Appellant,
v
Montec Interiors, Inc., Third-Party Defendant-Respondent.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellants.
Lawrence B. Goodman, New York, for Jorge Victoria Otero, respondent.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Montec Interiors, Inc., respondent.
Varvaro, Cotter, & Bender, White Plains (Rose M. Cotter of counsel), for Infor (GA), Inc., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 28, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim against defendant 635 Owner LLC (635) and defendant/third-party plaintiff JRM Construction Management, LLC (JRM) and denied the motion as against defendant Infor (GA), Inc. (Infor), granted Infor's motion for summary judgment dismissing the Labor Law § 240 (1) claim against it, granted defendant/third-party defendant Montec Interiors, Inc.'s (Montec) motion for summary judgment dismissing the Labor Law §§ 240 (1) and 200 and common-law negligence claims against it, and denied 635 and JRM's motion for summary judgment on their cross claims and third-party claims for contractual indemnification, common-law indemnification, and contribution against Montec, unanimously modified, on the law, to deny Infor's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim and grant plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim against Infor and, upon a search of the record, grant Montec's motion for summary judgment dismissing 635 and JRM's cross claims and third-party claims for common-law indemnification and contribution as against it, and otherwise affirmed, without costs.
Plaintiff claims he was drilling metal tracks onto a wall when the Baker scaffold on which he was standing overturned, causing him to fall and sustain injuries. 635 owned the building in which plaintiff was working, and defendant SL Green Realty Corp. (SL Green) was 635's managing agent. Infor leased the premises from 635, and retained JRM as the general contractor to perform construction work. JRM, in turn, retained Montec and nonparty Premier Builders, Inc., plaintiff's employer, as subcontractors to perform various aspects of the work.
Plaintiff was entitled to partial summary judgment on his Labor Law § 240(1) claim against 635 and JRM. Contrary to 635 and JRM's contention, the record did not raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident. Because the evidence established that plaintiff was not provided an adequate safety device to perform his work, any negligence on his part amounted to, at most, comparative negligence, which is not a defense to a Labor Law § 240 (1) claim (see Ordonez v One City Block, LLC, 191 AD3d 412, 413 [1st Dept 2021]; Cevallos v Morning Dun Realty, Corp., 78 AD3d 547, 548 [1st Dept 2010]).
The Labor Law § 240(1) claim should be reinstated against Infor, as the court incorrectly concluded that Infor was not a proper Labor Law defendant. Although Infor leased the premises from 635, it may still be held liable as an "owner" under the statute because it contracted for the construction work being performed at the time of plaintiff's accident (see Tropea v Tishman Constr. Corp., 172 AD3d [*2]450, 451 [1st Dept 2019]). For the same reasons that plaintiff is entitled to partial summary judgment against 635 and JMR, plaintiff's motion for partial summary on the Labor Law § 240(1) claim against Infor should be granted, and Infor's motion for summary judgment dismissing the claim against it should be denied.
Montec, however, was entitled to dismissal of the Labor Law §§ 240(1) and 200 claims against it, as it was not a proper Labor Law defendant. Contrary to 635 and JMR's contention, there was no evidence that it had been delegated the authority to supervise and control the injury producing-work so as to render it liable as a statutory agent (see Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]). 635 and JRM's contention that Montec may be held liable to plaintiff in common-law negligence under Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]) for launching a force or instrument of harm, i.e., assembling and providing plaintiff with an unstable scaffold for use for his work, is improperly raised for the first time on appeal (see Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). In any event, the argument is unavailing, as there is no admissible evidence establishing that Montec assembled or owned the Baker scaffold that plaintiff used (compare Mullins v Center Line Studios, Inc., 194 AD3d 421, 422 [1st Dept 2021]).
In the absence of evidence of Montec's negligence, we grant Montec's cross motion for summary judgment dismissing 635 and JRM's cross claims and third-party claims for common-law indemnification and contribution against it (see Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646 [1988]; Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). We also grant Montec's motion for summary judgment dismissing 635 and JRM's cross claim and third-party claim for contractual indemnification against it. JRM's subcontract with Montec requires Montec to indemnify 635 and JRM from and against any claims "arising out of and in connection with injuries . . . resulting from performance of [Montec's] Work." As noted, there is no evidence that Montec provided the Baker scaffold that plaintiff used or that plaintiff's accident was attributable to Montec's fault (see Vargas v New York City Tr. Auth., 60 AD3d 438, 441 [1st Dept 2009]).
635 and JRM's contention that they are entitled to summary judgment on their cross claim for contractual indemnification against Infor is improperly raised for the first time on appeal (see Chateau D' If Corp., 219 AD2d at 209), and we decline to address it. We also decline Infor's invitation to search the record to grant it conditional summary judgment on its contractual indemnification cross claim against JRM.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022