Dorset v 285 Madison Owner LLC (2023 NY Slip Op 01134)

Dorset v 285 Madison Owner LLC

2023 NY Slip Op 01134

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 157440/14 Appeal No. 17426 Case No. 2022-02067 

[*1]Michael Dorset, Plaintiff,
v
285 Madison Owner LLC et al., Defendants.
[And a Third-Party Action]
Structure Tone, Inc., et al., Second Third-Party Plaintiffs-Appellants,
v
Penguin Air Conditioning Corp. et al., Second Third-Party Defendants, Penava Mechanical Corp., Second Third-Party Defendant-Respondent.

London Fischer, LLP, New York (Jason M. Myers of counsel), for appellants.
Fabiani Cohen & Hall, LLP, New York (John V. Fabiani of counsel), for respondent.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about September 30, 2021, which, to the extent appealed from, denied so much of the motion of defendants/second third-party plaintiffs 285 Madison Owner LLC (Madison), RFR Realty, LLC (RFR Realty), RFR Holding (NY) (RFR Holding), and Structure Tone, Inc. (ST) (collectively defendants) for summary judgment on their second third-party claims for contractual defense and indemnification, and failure to procure-insurance as against second third-party defendant Penava Mechanical Corp. (Penava), unanimously affirmed, with costs.
Defendants failed to establish their prima facie entitlement to summary judgment by way of evidence tendered in admissible form. In their reply papers before the motion court, defendants relied on the deposition testimony of second third-party defendant Penguin Air Conditioning Corp.'s (Penguin) project manager to authenticate the Penguin-Penava purchase order and the ST-Penguin subcontract, which were marked as exhibits at his deposition. However, those documents, as submitted in support of defendants' motion and reproduced in the record, bear no exhibit sticker or other indication confirming that they are the same documents reviewed by the project manager at his deposition. He also was not asked any questions, and he did not testify, about the contract terms at issue in this case so that his testimony could authenticate the documents absent such an identifier. Although the ST-Penguin indemnity agreement bears an exhibit sticker matching the description of that exhibit at the project manager's deposition, defendants did not submit that document until their reply papers, rendering it inadmissible (see e.g. Hammer v ACC Constr. Corp., 193 AD3d 455, 457 [1st Dept 2021]; Migdol v City of New York, 291 AD2d 201, 201 [1st Dept 2002]).
Defendants also relied, in their reply papers, on the deposition testimony of RFR Realty's vice president to authenticate the Madison-RFR Realty management agreement and the Madison-ST contract. However, that testimony was submitted in connection with this motion, by Penava for the first time, in opposition to defendants' moving papers. Accordingly, defendants may not use it to support their prima facie showing (see generally Pullman v Silverman, 28 NY3d 1060, 1062 [2016]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Furthermore, the vice president was not actually shown the Madison-ST contract at his deposition; instead, he was simply asked questions about it. Therefore, that document was not authenticated for the additional reason that a witness must be shown and review a document before they are able to authenticate it (see Prince, Richardson on Evidence § 9-101).
Finally, defendants failed to establish their prima facie entitlement to summary judgment on their failure to procure insurance claim against Penava. "A party moving for summary judgment on its claim for failure to procure insurance meets its prima [*2]facie burden by establishing that a contract provision requiring the procurement of insurance was not complied with" (Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]). A moving party may make that showing by submitting, for example, copies of the contract requiring the procurement of insurance and of correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued (see DiBuono v Abbey, LLC, 83 AD3d 650, 652 [2d Dept 2011]). Here, the Penguin-Penava purchase order — the contract that defendants urge required Penava to procure insurance for their benefit — is inadmissible for the reasons previously discussed. Moreover, defendants also submitted, as part of their moving papers, a letter from Penava's insurer stating that it "agree[d] to participate in prorated defense cost sharing for" them, based on a blanket additional insured endorsement to Penava's insurance policy, thereby undermining defendants' prima facie showing (see Payne v NSH Community Servs., Inc., 203 AD3d 546, 548 [1st Dept 2022]). That is so even despite the insurer's reservation of rights to disclaim a duty to indemnify defendants in the future (see Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498 [1st Dept 2004]).
In view of the foregoing, defendants' motion was properly denied without regard to the sufficiency of Penava's papers in opposition (see Pullman, 28 NY3d at 1062; Winegrad, 64 NY2d at 853).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023