| Contreras v City of New York |
| --- |
| 2024 NY Slip Op 33231(U) |
| September 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161063/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**
*Justice*

PART 58

----------------------------------------------------------------------------X

ROGER J. CONTRERAS,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE DEPARTMENT OF
EDUCATION, NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY

Defendants.

----------------------------------------------------------------------------X

INDEX NO. 161063/2019

MOTION DATE 03/01/2024

MOTION SEQ. NO. 004 005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 129, 130, 131, 137

were read on this motion to/for                JUDGMENT - SUMMARY               .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 125, 132, 133, 134, 135, 136

were read on this motion to/for                JUDGMENT - SUMMARY               .

In this Labor Law action, plaintiff moves (seq. 005), pursuant to CPLR 3212, for

summary judgment against defendants on the issue of liability under Labor Law §§ 200, 240(1),

and 241(6).   Defendants move (seq. 004), pursuant to CPLR 3212, for summary judgment

dismissing the complaint.

## I.  Factual and Procedural Background

This case arises from an incident on June 25, 2019, in which plaintiff was allegedly injured

after a chisel struck him while working on a construction site located at 509 West 129 Street in

Manhattan (premises) (NYSCEF Doc No. 1).  The premises were owned by defendants The City

of New York (City) and New York City School Construction Authority (SCA) (Doc No. 90 at 20).

161063/2019  CONTRERAS, ROGER J. vs. CITY OF NEW YORK
Motion No.  004 005

Page 1 of 8

[* 1]

1 of 8

Plaintiff's employer, non-party Whitestone Construction Corp., was the general contractor on the construction project at the premises, which involved remodeling a public-school building (Doc No. 90 at 18-20). Plaintiff commenced this action against defendants, alleging claims of violations of Labor Law §§ 200, 240(1), and 241(6) (Doc No. 12).

A. *Plaintiff's testimony (NYSCEF 105)*

At his deposition, plaintiff testified that he had been working on a five-level scaffold on the day of his accident. At approximately 6 p.m., plaintiff took a fifteen-minute break with two coworkers, and they sat on the scaffold platform on which they had been working, while work was being performed above them on the scaffold. During this break, a metal chisel allegedly fell down from above and hit plaintiff. He also testified that there was no netting above the scaffold at the time of the accident, and there was a one- to two-foot gap between the scaffold and the building.

Further, he was supervised at the premises only by Whitestone employees.

B. *Whitestone's affidavit (NYSCEF 116)*

In an affidavit, Whitestone's project superintendent states that he was working at the site on the accident date, and that during the break, the entire Whitestone work crew stopped working and no work was performed during the duration of the break. The superintendent was on the second floor of the scaffold, performing a visual inspection of the façade, and he did not remember seeing any tools, materials or debris on the scaffold. Moreover, chisels were to be stored in buckets on the scaffold when not in use, and not left on the scaffold platform.

The superintendent learned about the accident after it happened from the shop steward, and he observed plaintiff sitting on the scaffold's sidewalk bridge. Plaintiff told the superintendent that a chisel had fallen on him from above and hit his shoulder. The superintendent then prepared

**161063/2019 CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No. 004 005**

**Page 2 of 8**

2 of 8

an incident report, based entirely on what plaintiff told him had happened; he did not personally observe anything mentioned in the report, nor did he talk to anyone other than plaintiff.

Moreover, on the accident date, the scaffold had toeboards in place to prevent objects from being kicked off of the platform, netting on every level to keep objects from falling, and a four-foot-high parapet wall to keep objects from falling from the sidewalk bridge.

The superintendent reiterated that plaintiff and other Whitestone employees were supervised only by Whitestone. Employees were not supposed to be sitting on the bridge or scaffold during their breaks.

### C. SCA Injury Report and Site Safety Observation Report (NYSCEF Doc Nos. 93 and 95)

An SCA injury report describes an unnamed individual kicking the chisel "through a gap between the underside of the toeboard and the platform deck" (NYSCEF Doc No. 93).

In a site safety observation report prepared eight days prior to the accident, toeboards were noted to be missing from the scaffold in required areas and netting was observed to be damaged in multiple areas (NYSCEF Doc No. 95 at 10, 19-20). The report further depicts unsecured debris close to the edge of the scaffold in numerous places (*Id.* at 4, 6-7, 12-13).

### II. Legal Analysis and Conclusions

Plaintiff and defendants move for summary judgment on plaintiff's Labor Law §§ 200, 240(1), and 241(6) claims.

On a motion for summary judgment, the movant must "establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). After this showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to

**161063/2019   CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No.  004 005**

**Page 3 of 8**

3 of 8

establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman*, 49 NY2d at 562).

### A.  *Labor Law § 200*

Labor Law § 200 "codifies an owner's or general contractor's common-law duty of care to provide construction site workers with a safe place to work" (*Cappabianca v Skanska USA Bldg. Inc.,* 99 AD3d 139, 143 [1st Dept 2012]; *Perrino v Entergy Nuclear Indian Point 3, LLC*, 48 AD3d 229, 230 [1st Dept 2008]).  "Claims for personal injury under the statute and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca*, 99 AD3d at 143-44; *Ruisech v Structure Tone Inc.*, 208 AD3d 412, 414 [1st Dept 2022]).  Different standards exist for each of these two categories (*Cappabianca*, 99 AD3d at 144; *Ruisech*, 208 AD3d at 414-15).

While plaintiff contends that he was injured due to a dangerous condition, the falling chisel was not a defect "inherent in the property" (*Ruisech*, 208 AD3d at 415 [characterizing uncleaned debris as resulting from the means and methods]; *Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003] [same related to protruding bolt]), but rather resulted from the means and methods of plaintiff's work.

As it is undisputed that defendants neither controlled nor supervised plaintiff's work, his Labor Law § 200 claim against them is dismissed.

### B.  *Labor Law § 240(1)*

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566

**161063/2019   CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No.  004 005**

**Page 4 of 8**

4 of 8

[2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]).

A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; see *Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]). "[F]or section 240(1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [1st Dept 2001]; *Harsanyi v Extell 4110 LLC*, 220 AD3d 528, 529 [1st Dept 2023]).

Here, plaintiff contends that the chisel that struck him should have been secured , and that the failure to do so constitutes a violation of section 240(1). Defendants argue that because there was no work being done immediately prior to the accident, there can be no liability, which plaintiff denies is apposite precedent in the First Department.

While plaintiff is correct that it is irrelevant in the First Department that the accident occurred during a break in the work (*see Hoyos v NY-1095 Ave. of the Americas, LLC*, 156 AD3d 491 [1st Dept 2017] [finding "no merit to (defendant's) contention that plaintiff was not actually engaged in work involving a gravity-related risk . . . We have held that injuries sustained while a worker was on site, although entering or exiting the site, or on a break, come within the protections of Labor Law § 240(1)"]; *see also Payne v NSH Community Svces., Inc.*, 203 AD3d 546 [1st Dept 2022] [summary dismissal of 240(1) claim properly denied where plaintiff injured while exiting garage during coffee break]), there are nevertheless numerous issues of fact that preclude summary judgment in any party's favor, including whether the chisel could and should have been secured (*compare Rincon v New York City Hous. Auth.*, 202 AD3d 421 [1st Dept 2022] [plaintiff entitled

**161063/2019   CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No.  004 005**

**Page 5 of 8**

5 of 8

to summary judgment as he was injured when wrench slipped out of coworker's hand and fell on him, and evidence showed wrench could have been tethered to worker]), and whether defendants had taken sufficient safety precautions, including installing and maintaining toeboards, netting, and a parapet wall around the scaffolding to protect against falling objects.

### C.    Labor Law § 241(6)

Labor Law § 241(6) imposes a nondelegable duty on premises owners and contractors at construction sites to provide reasonable and adequate safety to workers. To establish a claim under the statute, a plaintiff must show that a specific, applicable Industrial Code regulation was violated, and that the violation caused the complained-of injury (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012]).

In his bill of particulars, plaintiff's Labor Law § 241(6) claim is predicated on violations of numerous Industrial Code provisions. However, he only addresses Code sections 23-1.15(c), 23-2.1(a)(2), and 23-5.1(j)(1) in his motion papers, and has thus abandoned any others (see *Rodriguez v Dormitory Auth. of the State of N.Y.*, 104 AD3d 529, 530-531 [1st Dept 2013]; *Cardenas v One State St., LLC*, 68 AD3d 436, 438 [1st Dept 2009]).

Code section 23-2.1(a)(2) requires that "[m]aterial and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge." As defendants rely on the superintendent's testimony that no equipment was stored or placed on the scaffold immediately before plaintiff's accident, and as plaintiff did not observe from where and how the chisel fell, defendants demonstrate this Code section is inapplicable.

Although Industrial Code §§ 23-1.15(c) and 23-5.1(j)(1) did not appear in plaintiff's bill of particulars, plaintiff contends he should be allowed to amend to add them. Defendants respond that they are inapplicable and leave to amend should therefore not be granted.

**161063/2019   CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No.  004 005**

**Page 6 of 8**

6 of 8

Industrial Code §§ 23-1.15(c) and 23-5.1(j)(1), read together, require a toeboard of certain specifications on scaffold platforms "except when such safety railing is installed at grade or ground level or is not adjacent to any opening, pit or other area which may be occupied by any person."

Plaintiff maintains that these sections, when taken together, require a toeboard of certain specifications to be flush on scaffold platforms, and the fact that the chisel fell on him proves that such a toeboard, to the extent it was existed at the premises, was improperly installed. Because a properly-installed toeboard would have prevented the chisel from falling, plaintiff argues that the violation of the Code was the proximate cause of his injuries.

Plaintiff's and defendants' experts provide differing opinions as to whether the toeboards at the site complied with the requisite specifications and whether they were built and/or installed defectively, thus creating an issue of fact as to these Code violations.

Moreover, as there is possible merit to plaintiff's claims related to these Code sections, and defendants claim no surprise or prejudice in having to defend against them, plaintiff's motion for leave to amend his bill of particulars to add these violations is granted (*McCaskey, Davies & Assocs., Inc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 756 [1983]; W*alker v Metro-North Commuter R.R.*, 11 AD3d 339, 340-41 [1st Dept 2004]).

### III. CONCLUSION

Accordingly, it is hereby:

ORDERED that defendants' motion for summary judgment (seq. 004) and plaintiff's motion for partial summary judgment (seq. 005) are granted solely to the extent of:

(1) severing and dismissing plaintiff's Labor Law § 200 and common-law negligence claims;

**161063/2019   CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No.  004 005**

**Page 7 of 8**

7 of 8

(2)      granting plaintiff's motion for leave to amend his bill of particulars to add violations of Industrial Code sections 23-1.15(c) and 23-5.1(j)(1); and

(3)      upon such amendment, dismissing all of plaintiff's cited Industrial Code violations except sections 23-1.15(c) and 23-5.1(j)(1); and is otherwise denied; and it is further

ORDERED, that the parties appear for a trial scheduling/status conference on January 29, 2024, at 9:30 a.m., at 71 Thomas Street, Room 305, New York, New York.

20240916113835DCOHEN6A1AA183C06F4B8880CD751970385774

| **9/16/2024** | | | | **DAVID B. COHEN, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161063/2019  CONTRERAS, ROGER J. vs. CITY OF NEW YORK**
**Motion No.  004 005**

Page 8 of 8

8 of 8