Simon v 4 World Trade Ctr., LLC (2025 NY Slip Op 02666)

Simon v 4 World Trade Ctr., LLC

2025 NY Slip Op 02666

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 152437/18|Appeal No. 4258-4259-4260|Case No. 2024-03831 2024-03513 2024-03619|

[*1]Juan Simon, Plaintiff-Respondent,
v
4 World Trade Center, LLC, et al., Defendants-Appellants, Royal Waste Services, Inc., Defendant-Respondent. Juan Simon, Plaintiff-Appellant-Respondent,

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for 4 World Trade Center LLC, Silverstein Properties, Inc. and Syntactx LLC, appellants/respondents.
The Perecman Firm, PLLC, New York (Zachary Perecman of counsel), for Juan Simon, respondent/appellant-respondent.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for Royal Waste Services, Inc., respondent/respondent-appellant.

Order, Supreme Court, New York County (Adam Silvera, J.), entered May 23, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim against defendants 4 World Trade Center LLC and Syntactx LLC (together, WTC defendants) and on the Labor Law § 200 and common-law negligence claims against defendant Royal Waste Services, Inc., unanimously affirmed, without costs.
Order, same court and Justice, entered on or about May 23, 2024, which denied the WTC defendants' motion for summary judgment dismissing the complaint and all cross-claims against them, unanimously modified, on the law, to grant the motion as to the Labor Law §§ 241(6), 200 and common-law negligence claims and as to Royal Waste's cross-claims for contractual and common-law indemnification and breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about May 23, 2024, which denied Royal Waste's motion for summary judgment dismissing the complaint and all cross-claims against it, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's Labor Law claims against it, and otherwise affirmed, without costs.
Plaintiff, a laborer on a renovation project at 4 World Trade Center, was injured when large, thick glass panes were compacted in the back of a waste removal truck, which created a build-up of kinetic energy and caused some glass to burst out of the truck, striking and toppling other large glass panes that rested on a nearby A-frame cart behind which plaintiff had crouched for protection. Defendant 4 World Trade Center LLC (4 WTC) owned the building at the 4 World Trade Center address and was the ground lessee of the 44th floor in the building. Defendant Syntactx subleased a portion of the 44th floor from 4 WTC and it was Syntactx's space that was under renovation at the time of the accident.
Syntactx hired nonparty Holt Construction Corp. as its general contractor on the renovation project. Plaintiff was employed by Holt. Holt's project superintendent was present alongside the waste disposal truck, which was in the building's loading dock area, at the time plaintiff was injured. Holt retained defendant Royal Waste to haul away debris during the renovation project.
Supreme Court correctly denied plaintiff's motion for partial summary judgment as to liability on his claim under Labor Law § 240(1) because, on this record, a triable issue of fact exists as to whether his injuries resulted from a failure to employ appropriate protective devices as required by the statute. However, defendants' argument that plaintiff's own conduct in placing himself behind the A-frame cart, which was located at the rear of the truck, was the sole proximate cause of his accident is unavailing. There was no evidence that plaintiff disobeyed an order not to crouch beside the A-frame cart. Plaintiff's conduct [*2]under the circumstances merely presented issues of comparative negligence, which is not a defense where a Labor Law § 240(1) violation proximately caused plaintiff's injury (see Blake v Neighborhood Hous. Servs. of N.Y. City., 1 NY3d 280, 290 [2003]).
Royal Waste's evidence established prima facie that it was not a statutory agent of the WTC defendants or Holt for purposes of Labor Law liability. There was no evidence in the record that Holt had delegated any authority to Royal Waste to control plaintiff's disposal work. In fact, plaintiff's supervisor overrode the opinion of Royal Waste's truck driver that the truck could not handle more debris, and the supervisor also instructed plaintiff to place the glass panels into the truck, despite the safety concerns, undermining any argument that Royal Waste had the authority necessary to render it a statutory agent pursuant to Labor Law § 200 (see Otero v 635 Owner LLC, 210 AD3d 435, 437 [1st Dept 2022]; see also Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). The WTC defendants' evidence in opposition failed to raise a triable issue as to whether Royal Waste was a statutory agent. However, factual issues were raised as to whether Royal Waste was negligent in the performance of its work for not discerning plaintiff's location during the glass compaction process and whether such negligence was a proximate cause of plaintiff's injury.
Plaintiff has not addressed defendants' arguments for dismissal of his Labor Law § 241(6) claims; thus, they are deemed abandoned (see Rodriguez v Dormitory Auth. of the State of N.Y., 104 AD3d 529, 530-531 [1st Dept 2013]).
Plaintiff's Labor Law § 200 and common-law negligence claims against the WTC defendants should be dismissed given the absence of evidence demonstrating a triable issue as to whether they supervised or controlled the means and methods of plaintiff's work that caused his injury (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
The WTC defendants' cross-claims against Royal Waste for common-law indemnification and contribution would be premature, as there are triable issues as to whether Royal Waste was actively negligent in proximately causing plaintiff's injury (see Pena v Intergate Manhattan LLC, 194 AD3d 576, 578 [1st Dept 2021]). However, the WTC defendants persuasively argue that because the record demonstrates they are free from active fault in the cause of plaintiff's accident, dismissal of Royal Waste's cross-claim against them for common-law indemnification is warranted (see McCarthy v Turner Const. Inc., 17 NY3d 369, 377-378 [2011]). Dismissal of Royal Waste's cross-claims against the WTC defendants for contractual indemnification and breach of
contract for failure to procure insurance is also warranted, as Royal Waste offers no proof of a contract between it and the WTC defendants (see e.g. A & E Stores, Inc. v U.S. Team, Inc., 63 AD3d 486 [1st Dept 2009]).
We have considered the parties' remaining contentions [*3]and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025