Rosario v C.C. Controlled Combustion Co., Inc.

2026 NY Slip Op 03279

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Pedro Rosario, Plaintiff-Respondent,

v

C.C. Controlled Combustion Co., Inc., et al., Defendants-Appellants, 2350 Broadway Associates LLC., Defendant-Respondent. [And a Third-Party Action]

Decided and Entered: May 26, 2026

Index No. 816166/21|Appeal No. 6730|Case No. 2025-02897|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Law Office of Kevin P. Westerman, Elmsford (Christopher M. Otton of counsel), for appellants.

Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for 2350 Broadway Associates, LLC, respondent.

[*1]

Amended order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered April 10, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants C.C. Controlled Combustion Co., Inc. and C.C. Controlled Combustion Installation Co. Inc. (collectively, Controlled Combustion) for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them and the cross-claims of defendant 2350 Broadway Associates LLC. for common-law indemnification and contribution, unanimously reversed, on the law, and the motion granted, without costs.

Controlled Combustion is entitled to dismissal of plaintiff's Labor Law § 200 and common-law negligence claims because it established that it did not "actually exercise[] supervisory control over" plaintiff's work (Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018] [internal quotation marks omitted]). General oversight, regular inspections, and authority to stop unsafe work are insufficient to impose liability under Labor Law § 200 or common-law negligence (see Maddox v Tishman Const. Corp., 138 AD3d 646, 646 [1st 2016]). Plaintiff testified that while installing an oil tank in the basement of a building owned by 2350 Broadway, he was struck by a base piece of the tank when the piece detached and fell from an electric chain hoist, which was owned by his employer. Controlled Combustion, a commercial heating company, was retained to perform work in the building, and it in turn retained plaintiff's employer to install the oil tank. Plaintiff also testified that his employer came up with the plan to move the base piece with a hoist and that all orders of how to do his job came from his employer, not Controlled Combustion.

Contrary to 2350 Broadway's argument, the record establishes that plaintiff's accident arose out of the means and methods of his work, and not a dangerous condition on the premises. There is nothing in the record that shows there was a defect inherent in the platform plaintiff was standing on while controlling the electric chain hoist used to move the 500-pound base piece of the oil tank into place (cf. Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 422 [1st Dept 2021]). Because plaintiff's accident arose solely out of the means and methods of his work, Controlled Combustion was not required to show that it lacked actual or constructive notice of a dangerous condition to be entitled to summary dismissal of the common-law negligence and Labor Law § 200 claims (see id.).

Controlled Combustion is also entitled to summary judgment dismissing 2350 Broadway's cross-claims for common-law indemnification and contribution as the record is devoid of evidence that Controlled Combustion was negligent (see Otero v 635 Owner LLC, 210 AD3d 435, 437 [1st Dept 2022]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026